# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-1774V
**(not to be published)**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | | |
| FELICIA R. WILLIAMS, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: August 24, 2023 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

*Jenifer Marie Placzek*, Placzek Winget & Placzek, Springfield, MO, for Petitioner.

*Tyler King*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION ON PROFFER AWARDING DAMAGES[1]

On August 30, 2021, Felicia R. Williams (at the time a *pro se* litigant) filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] ECF No. 1. Petitioner alleged that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza ("flu") vaccination received on October 23, 2019. *Id*.

On June 6, 2023, in a Findings of Fact and Conclusions of Law, I determined that Petitioner had established her SIRVA onset occurred within 48 hours of vaccination, consistent with one of the SIRVA claim's Table elements. ECF No. 43. Thereafter, on August 23, 2023, Respondent filed his Rule 4(c) Report, stating therein that medical personnel of the Division of Injury Compensation

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Programs ("DICP"), Department of Health and Human Services concluded that Petitioners alleged injury was consistent with a shoulder injury related to vaccine administration ("SIRVA"). ECF No. 46 at 3. Accordingly, Respondent indicated that based on his review of the record Petitioner satisfied all legal prerequisites for compensation under the Act. *Id.* I subsequently issued an entitlement decision the following day. ECF No. 47.

On August 24, 2023, Respondent filed a proffer proposing an award of compensation, and to which Petitioner concurs. ECF No. 48. I have reviewed the file, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The Proffer awards:

- A lump sum payment of $100,224.57, representing compensation for pain and suffering ($100,000.00) plus past unreimbursable expenses ($224.57), in the form of a check payable to Petitioner.

Proffer at II. These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| FELICIA R. WILLIAMS, | |
| Petitioner, | No. 21-1774V |
| | Chief Special Master Corcoran |
| v. | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**[1]

**I.      Procedural History**

On August 30, 2021, Felicia Williams ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*.  She alleges that she sustained a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, within the Table time period following administration of an Influenza vaccine she received on October 23, 2019.  *See* Petition at 1.  On August 23, 2023, respondent filed his Vaccine Rule 4(c) report, indicating that he would no longer continue to defend this case and the matter was appropriate for compensation under the terms of the Act for a SIRVA Table injury.  ECF No. 46.  On August 24, 2023, the Chief Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA Table injury.  ECF No. 47.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

**II.     Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $100,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $224.57. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**III.     Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of **$100,224.57**, in the form of a check payable to petitioner.

**Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Felicia R. Williams: **$100,224.57**

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

2

**CONCLUSION**

Respondent recommends that the Chief Special Master enter a decision finding petitioner entitled to compensation for a left-sided SIRVA occurring within the Table timeframe following petitioner's October 23, 2019 flu vaccination.  and that the court award **$100,224.57** for all damages available under Section 15(a) of the Vaccine Act, which does not include reasonable attorneys' fees and litigation costs to be determined at a later date.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ *Tyler C. King*
TYLER C. KING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-0730
Tyler.king@usdoj.gov

Date:  August 24, 2023